# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | |
|---|---|
| VALECIA BOLDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.: 1:19-cv-01262-STA-jay |
| | ) |
| LAKE COUNTY BOARD OF EDUCATION, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

On November 12, 2019, *pro se* Plaintiff, Valecia Bolden, filed her Complaint against the Lake County Board of Education ("Board of Education"). (Docket Entry ("D.E.") 1.) I previously recommended dismissal of Mr. Bolden's Complaint on timeliness grounds. (D.E. 7.) However, Chief United States District Court Judge S. Thomas Anderson found that Ms. Bolden did timely file her Complaint and referred the Complaint back to me for additional screening. (D.E. 9). Having again screened Ms. Bolden's filings, I recommend that the District Court order that: summons be issued as to her federal and defamation claims and her purported negligence claim be dismissed.

### PROCEDURAL HISTORY

After the first Report and Recommendation was issued in this matter, Ms. Bolden filed additional documents with the Court. (D.E. 8.) Chief United States District Court Judge Anderson referenced this filing in his recent Order. (D.E. 9.) He construed Ms. Bolden's handwritten note as an objection to the previous Report and Recommendation and noted Ms. Bolden's submission

of additional documents for the record. (D.E. 9)

Ms. Bolden's filings indicate that she wishes to add these documents to her initial filings in this case. (D.E. 8, PageID 30.) These additional documents contain factual details which appear to support her discrimination claims. (D.E. 8, PageID 31-41). Because Ms. Bolden is proceeding *pro se*, I will construe her filing as a supplement to her complaint and consider her filing in making my proposed findings of fact below. *See Gibbons v. Kentucky Dept. of Corrections*, No. 3:07CV-P697-S, 2009 WL 1247095, *2 (W.D. Ky. May 5, 2009) ("[W]hen a plaintiff attaches an exhibit to his complaint, the attachment becomes a part of that pleading and may be considered. *See* Fed. R. Civ. P. 10(c).").[1]

## PROPOSED FINDINGS OF FACT

Ms. Bolden, self-identified as a "Black," "African American," began working for the Lake County Board of Education ("Board of Education") in August of 2015. (D.E. 1, PageID 4.) She was initially hired as a substitute teacher. (*Id.*) However, in January of 2016, she was hired full time as food service worker. (*Id.*)

Ms. Bolden's son was a student in the district governed by Board of Education and suffered from autism, "adhd," and a sensory processing disorder related to foods. (*Id.*, PageID 4-5). In October of 2017, Ms. Bolden made a verbal complaint to the Tennessee Department of Education against Glenda Whitson, the Board of Education's food supervisor. (*Id.*) The complaint concerned Ms. Whitson's treatment of her son's disability. (*Id.,* PageID 4-6.) After she reported her concerns,

---

[1] Alternatively, if the District Court disagrees with construing Ms. Bolden's filing as a supplement to her Complaint, the District Court could construe her filing as a Motion for Leave to Amend her Complaint, in which case, I recommend that Ms. Bolden be granted fourteen (14) days to file an Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

state employees advised Ms. Bolden that Ms. Whitson's behavior was improper. (*Id*., PageID 7.) Ms. Whitson received some form of corrective action and/or counseling regarding her behavior. (*Id.*) Ms. Bolden reasserts many of these allegations in her recent filing. (D.E. 8, PageID 40-41.)

After Ms. Bolden made the complaint regarding Ms. Whitson's treatment of her son, Ms. Whitson declined to rehire her for the 2018-2019 school year. (*Id*., PageID 5-7.)  Ms. Bolden claims that at least one other food service worker had repeated incident of improper and/or illegal behavior, but that person was rehired. (*Id*.)   She also alleges that the she was the only staff member that was not rehired. (*Id*.) Ms. Bolden claims that "a female white who has less experience and seniority was rehired." (*Id*., PageID 5.) Ms. Bolden explicitly identifies Kim Mills and Dana Avery as being white employees who had conflict with their supervisors at the school and were rehired despite that conflict. (D.E. 8, PageID 31).   She also implies that there were other white employees who acted insubordinately or had conflict with their supervisors and were still rehired. (D.E. 8, PageID 36-37).

Ms. Bolden asserts that in refusing to rehire her, the Board of Education discriminated against due to her race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and retaliated against her due to her "association with a person of disability" in violation of the Americans with Disabilities Act ("ADA"). (*Id*., PageID 5.) In her claim for relief, Ms. Bolden also makes conclusory references to potential state law claims such as negligence and/or defamation. (*Id*., PageID 9.)

## PROPOSED CONCLUSIONS OF LAW

Pursuant to *Keys v. Humana, Inc.*, 684 F.3d 605, 608-611, (6th Cir. 2012), the *prima facie* elements of employment discrimination claims are not pleading requirements. Therefore, at the pleading stage, it would be inappropriate to dismiss a plaintiff's potential claims solely for his or

her failure to allege such elements under the burden shifting standard set forth in *McDonnel Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny. Instead, the analysis turns upon whether the plaintiff has provided sufficient factual content for the Court to be able to reasonably infer the alleged illegal discrimination occurred. *See Keys*, 684 F.3d 605, 610 (6th Cir. 2012). For the reasons set forth in detail below, I conclude that Ms. Bolden has set forth sufficient facts to state a claim for discrimination under Title VII and the ADA.

**I.    Title VII**

Title VII is codified at 42 U.S.C. § 2000e *et seq*. Title VII prohibits an employer from, in part, discriminating against an individual due to that individual's race, color, religion, sex, or national origin. *See* 42 U.S.C.A. § 2000e-2(a). Title VII also prohibits employers from retaliating against employees for opposing such discrimination or participating in an investigation into such discrimination. *See* 42 U.S.C.A. § 2000e-3(a). In order to state a claim for such discrimination, a plaintiff must provide sufficient factual allegations to allow a court to reasonably infer that her employer discriminated against him or her with respect to his compensation, terms, conditions, or privileges of employment, because of one of these impermissible purposes. *See Keys,* 684 F.3d 605 at 610. In *Keys,* the Sixth Circuit Court of Appeals reversed the district court's dismissal of the plaintiff's race discrimination claim because the plaintiff's complaint: (1) made allegations that she was treated differently from her Caucasian counterparts, (2) identified the relevant supervisors and persons by race, name and/or company title, (3) alleged that the plaintiff and other African Americans received adverse employment actions despite receiving satisfactory employment evaluations. 684 F.3d at 610. However, the Sixth Circuit has also recognized that conclusory allegations without sufficient supporting facts are insufficient to state an employment discrimination claim. *Smith v. Wrigley Manufacturing Company, LLC*, 749 Fed. App'x 446, 448

(6th Cir. 2018) (affirming dismissal of an age discrimination claim when the plaintiff failed to identify the names, ages, or qualifications of the younger employees who were allegedly treated differently, or any examples of how they were treated differently.)

Here, Ms. Bolden claims she was discriminated against based upon her race. Construing her filings liberally, Ms. Bolden has alleged that she was not rehired after she had some conflict with her supervisors. However, white employees were rehired despite having conflict and/or personnel problems. Therefore, she has alleged sufficient facts from which it can reasonably be inferred that the Board of Education discriminated against her based upon her race.

## II.     ADA

"The ADA prohibits discrimination by covered entities, including private employers, against qualified individuals with a disability." *Tinsley v. Caterpillar Financial Services, Corp.*, 766 Fed. App'x 337, 341 (6th Cir. 2019) (internal punctuation and citations omitted). The ADA also prohibits retaliation due to an employee's opposition to discrimination on the basis of a disability or participation in an investigation into such discrimination. *See Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014) (citing 42 U.S.C. § 12203(a)). As recognized by United States District Court for the Southern District of Ohio, an employee's opposition to discrimination against a disabled student can be protected conduct under the ADA. *Bennet v. Board of Educ. of Washington County Joint Vocational Dist.*, 785 F.Supp.2d 678, 684-87 (S.D. Ohio 2011). Additionally, the ADA prohibits "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C.A. § 12112(b)(4); *see also Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d. 482, 486 (6th Cir. 2011).

5

Here, Ms. Bolden has pleaded sufficient facts from which it can plausibly be inferred that she was discriminated against due to her relationship with her disabled son. Additionally, Ms. Bolden has pleaded sufficient facts from which it can be inferred: her son was being discriminated against at school, Ms. Bolden was opposing that discrimination, and Ms. Bolden was not rehired because of that opposition. Accordingly, I find that Ms. Bolden has stated a claim under the ADA.

### III.   State Law Claims[2]

In her prayer for relief, Ms. Bolden makes reference to state law claims of defamation and negligence. (D.E. 1, PageID 9). Ms. Bolden alleges in her supplemental filing that one of her supervisors "told bad negative things and lies on me to make me look bad and ruin my reputation." (D.E. 8, PageID 32.) Ms. Bolden has stated a claim for defamation.[3]

However, I also conclude that Ms. Bolden has failed to allege sufficient facts to support her purported negligence claim. Her conclusory claim for relief based upon a theory of negligence is insufficient to state a claim of negligence.   Additionally, despite construing her filings liberally, the Court cannot create a claim that she has not spelled out in her pleadings.   Accordingly, I recommend that her purported negligence claim be dismissed.

---

[2] Ms. Bolden's prayer for relief reiterates claims of "unlawful conduct", "retaliation," "discrimination," and "disability." (D.E. 1, PageID 9.) These allegations appear to duplicate her Title VII and ADA claims.   Additionally, her prayer for relief makes reference to various forms of relief, such as punitive damages, injunctive relief, and emotional distress. (*Id.*) This Report and Recommendation does not address whether such relief would be appropriate in this case at this time.

[3] At this juncture, because Ms. Bolden's *pro se* Complaint must be construed liberally and draw all reasonable inferences in her favor, I decline to reach whether the Board of Education is immune from suit for the allegedly defamatory communication pursuant to Tenn. Code. Ann. § 29-20-205(2) or whether the communication was protected as an intra-corporate communication. *But c.f. Z.J. v. Vanderbilt University*, 355 F.Supp.3d 646, 686-88 (M.D. Tenn. 2018) (dismissing a represented plaintiff's defamation claim when he only alleged that the defamatory communications were published to other Vanderbilt employees.)

## RECOMMENDATION

For the foregoing reasons, I respectfully recommend that the District Court: (1) construe Ms. Bolden's recent filing (D.E. 8) as a supplement to her Complaint, (2) permit the clerk to issue summons for Ms. Bolden's Title VII, ADA, and defamation claims, and (3) dismiss her negligence claim.

Respectfully submitted this 13th day February, 2020.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION.  *SEE* 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**